IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JERAMIAS BANEGAS GOMEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-04946-FB |
| | § | |
| TODD BLANCHE, Acting Attorney U.S. | § | |
| General, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Jeramias Banegas Gomez's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and the Federal Respondents' ("Respondents") response (ECF No. 3).  The relevant facts are undisputed and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas.  Petitioner entered the United States in July of 2023, and upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner.  ICE detained Petitioner again following a traffic stop on April 28, 2026.  Petitioner argues Petitioner's detention is unlawful and asks for a bond hearing or release.

## DISCUSSION

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in prior relevant decisions.  *E.g., Guerra Estrada v. Ybarra,* Cause No. EP-26-CV1897-KC, 2026 WL 2168090 (W.D. Tex. Jul. 28, 2026); *Jimenez Ravelo v. Anda-Ybarra*,

EP-26-CV-01892, 2026 WL 2211325 (W.D. Tex. Jul. 24, 2026); *Scott Camacho v. Department of Homeland Security*, EP-26-CV-01717-DB, 2026 WL 2137156 (W.D. Tex. Jul. 24, 2026); *Aguilar-Ramirez v. Mullin,* Civil Case No. SA:26-CV-2102-FB (ECF No. 9) (W.D. Tex. Apr. 29, 2026)*; Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556 (W.D. Tex. Mar. 27, 2026)*; Vargas-Negrete v. Noem***,** Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026)*; Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, A-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelov. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025)*; see Gonzalez Gonzalez v. Blanche*, Civil Action No. 4:26-CV-05561, ECF No. 10 at page 2 (S.D. Tex. Jul. 27, 2026) (finding the Fifth Circuit stay in *Sosnava v. Rodriguez* had no effect on its ruling explaining "the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is 'not conclusive as to the merits,' and this Court will not speculate as to the Fifth Circuit's unstated intentions"); *Barreno Hernandez v. Warden DC Cole*, Civil Action No. 5:26-CV-01279, ECF No. 9 at page 5 & n.2 (S.D. Tex. Jul. 24, 2026) (granting habeas petition finding detention violated rights under Due Process Clause of the Fifth Amendment requiring immediate release and explaining that: (1) Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc* on July 21, 2026 without analysis; (2) Supreme Court has recognized interim order granting a stay is "not conclusive as to the merits"; "reading into the Fifth Circuit's stay 'is an inherently speculative endeavor'"; and finding that

"[w]ithout clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed").

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

As to relief, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  In cases where the Court finds a constitutional violation, "[t]he typical remedy for such detention is, of course, release." *Id.*  "In recent months, courts across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes,* 818 F.Supp.3d at 885 ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13–14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention.").

## CONCLUSION

The Court joins other Texas Western district courts, including those in the San Antonio Division, finding that the significant violation of Petitioner's due process rights and other prudential concerns weigh in favor of ordering Petitioner's immediate release.  *See Flores v. Blanche*, No.

1:26-CV-1399-RP, 2026 WL 1603561, at \*5 (W.D. Tex. June 4, 2026); *Alvarez v. Ortega*, No. SA-26-CA-03339-XR, 2026 WL 1611973, at \*14 (W.D. Tex. June 3, 2026); *Ribero-Ardila v. Rodriguez*, No. 5:26-CV-0689-JKP, 2026 WL 990025, at \*7 (W.D. Tex. Apr. 13, 2026); *see also Cruz-Reyes v. Bondi*, 818 F.Supp.3d 875, 885 (S.D. Tex. 2026).

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Jeramias Banegas Gomez from custody, under reasonable conditions of supervision, to a public place no later than **August 19, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **August 20, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 13th day of August, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE